# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jerome J. Kivel,

         Plaintiff,    Civ. No. 04-4876 (RHK/JSM)

**MEMORANDUM OPINION AND ORDER**

v.

WealthSpring Mortgage Corporation,

         Defendant.

---

Thomas J. Lyons, Sr., Thomas J. Lyons & Associates, Little Canada, Minnesota; and Thomas J. Lyons, Jr. and John H. Goolsby, Consumer Justice Center, P.A., Little Canada, Minnesota, for Plaintiff.

Edward T. Matthews and Lora Esch Mitchell, Fredrikson & Byron, P.A., Minneapolis, Minnesota, for Defendant.

---

  Plaintiff Jerome Kivel has moved for default judgment in the amount of $24,453.21 against Defendant WealthSpring Mortgage Corporation ("WealthSpring"). The Court determines that Kivel is entitled to a default judgment but, for the reasons that follow, the Court will limit the amount of his damages and attorney's fees.

  In April 2004, Kivel refinanced his home to obtain a loan through WealthSpring, a mortgage broker. Kivel agreed to the terms of the loan with Blake Hayden, one of WealthSpring's employees, which included a 5% fixed rate with all closing costs to be paid by WealthSpring. However, before Kivel closed on the loan, $600.00 in closing costs were added to terms of the loan without Kivel's consent. On April 7, 2004, Kivel closed on the

loan, but due to the added closing costs, WealthSpring withheld $600.00 of the loan proceeds from Kivel's account.

Subsequent to closing on the loan, Kivel attempted to recover the withheld amount from WealthSpring. From May to July 2004, he made 15 phone calls attempting to get the $600.00 credited to his account with the lender. On July 8, 2004, $600.00 was credited to Kivel's account.

In November 2004, Kivel filed this action alleging claims under (1) the Truth in Lending Act, 15 U.S.C. § 1638 ("TILA"), (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"), (3) the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, and (4) the Residential Mortgage Originator and Servicer Licencing Act, Minn. Stat. § 58.13. WealthSpring failed to answer the Complaint. Accordingly, the Court determines that Kivel is entitled to a default judgment against WealthSpring.

However, the Court must consider Kivel's claims for damages against WealthSpring. First, Kivel requests statutory damages in the amount of $1,000.00 under TILA, 15 U.S.C. § 1640(a)(2). The Court determines that he is entitled to statutory damages in the amount of $1,000.00.

Kivel also requests "actual damages" in the amount of $16,050.00 for the following:

(1) 60 hours of "valuable time away from other work and recreational pursuits," which he spent attempting to recover the $600.00 from WealthSpring; Kivel values this time at $6,000.00, which is "double [his] hourly rate of compensation because [he] consider[s] this 'overtime'" (Kivel Aff. 18-19);

2

(2) $50.00, which he spent "out of pocket for mileage, parking, postage and copies" (id. at 23); and

(3) $10,000.00 for "familial and interpersonal relationship stress, loss of sleep, irritability, frustration, anger and embarrassment suffered" by Kivel (Mem. in Supp. at 3).

The Court determines that Kivel is entitled to "actual damages" in the amount of $50.00 as reimbursement for his out-of-pocket expenses for "mileage, parking, postage and copies." (Kivel Aff. ¶ 23.)

The Court will not award Kivel $6,000.00 representing 60 hours of his time at his "overtime" rate. He does not claim that he missed 60 hours of work[1], and his claim for these damages is otherwise too speculative. Similarly, the Court will not award Kivel $10,000.00 for "familial and interpersonal relationship stress, loss of sleep, irritability, frustration, anger and embarrassment." (Mem. in Supp. at 3.) The basis for Kivel's $10,000.00 claim is he "had 15 sleep interrupted nights, . . . experienced mental distraction from work or recreational pursuits on 20 occasions, . . . [and he] was irritable with friends, family and co-workers" on as many as 25 days while he was attempting to recover his money from WealthSpring. (Kivel Aff. ¶¶ 20-22.) The Court determines that Kivel's

---

[1] Kivel states that he "spent valuable time away from other work and recreational pursuits attempting to get [his] money back from WealthSpring." (Kivel Aff. ¶ 18.) He does not, however, explain what "other work and recreational pursuits" means, nor does he differentiate between the two or specifically state that he missed 60 hours of work due to his efforts to recover his money.

claim is too speculative and thereby does not entitle him to damages stemming from his temporary loss of $600.00 or his efforts to recover that money. Nor does Kivel claim that any actual damage was suffered by him due to the interrupted sleep, distraction, or irritability he suffered. Accordingly, the Court determines that Kivel is entitled to a total of $1,050.00 in statutory and actual damages.

Kivel also seeks an award of attorney's fees under TILA, 15 U.S.C. § 1640(a), and RESPA, 12 U.S.C. § 2607(d). He requests $6,879.25 in attorney's fees, representing 21.64 hours of time spent on this action by his attorney, Thomas J. Lyons, Sr. (Lyons Aff. ¶ 16.) Additionally, he seeks $523.96 for filing fees, copies, legal research, and other costs associated with this action. (Id. ¶ 17.)

The Court determines that attorney's fees of almost $7,000.00 are not justified in this case, as it required a minimal amount of prosecution and ended with WealthSpring's default. Mr. Lyons has not provided the Court with any detailed accounting of the time he spent on this case. Nor does he explain why the action required 21.64 hours of his time, which he appears to have billed at more than $315.00 per hour—a high fee for a case that does not present any obvious novel complexities and involves a relatively small damages award. Tusa v. Omaha Auto. Auction, Inc., 712 F.2d 1248, 1255 (8th Cir. 1983) (amount of damages at issue in case is relevant factor in assessing reasonableness of attorney's fees). Thus, the Court will reduce Mr. Lyons fee request by approximately 80%, and will award him $1,500.00. The Court will also award Mr. Lyons $523.96 for costs he incurred in

connection with this action. Accordingly, the Court will award Mr. Lyons a total of $2,023.96 in attorney's fees and costs.

## CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein **IT IS ORDERED** that:

(1) Default be entered by the Clerk against Defendant WealthSpring Mortgage Corporation;

(2) Plaintiff Jerome J. Kivel's Motion for Default Judgment (Doc. No. 8) is **GRANTED**; and

(3) Judgment in the amount of $3,073.96 shall be entered against Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 16 , 2005                              s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge

5